# EXHIBIT A

| | | |
|---|---|---|
| **RETURN DATE: JUNE 29, 2021** | : | **SUPERIOR COURT** |
| **MERCEDES ALMONTE-NUNEZ** | : | **J.D. OF HARTFORD** |
| **VS.** | : | **AT HARTFORD** |
| **RICARDO VALADEZ AND UNITED VAN LINES, LLC** | : | **MAY 19, 2021** |

## COMPLAINT

**FIRST COUNT – Negligence (Mercedes Almonte-Nunez v. Ricardo Valadez)**

1. At all times relevant herein, Blue Hills Avenue is a public highway that runs through the Town of Bloomfield in the County of Hartford and State of Connecticut.

2. Plaintiff Mercedes Almonte-Nunez (hereinafter referred to as "Plaintiff") at all times relevant to this complaint resided at 20 Nelson Street, Apartment C in Hartford, Connecticut.

3. Defendant Ricardo Valadez (hereinafter referred to as "Defendant Valadez") at all times relevant to this complaint resided at 901 East Newcomb Street in Lubbock, Texas.

4. Defendant United Van Lines, LLC (hereinafter referred to as "Defendant Company") at all times relevant to this complaint was a foreign LLC authorized to transact business in the State of Connecticut with a principal business address at 1 Premier Drive in Fenton, Missouri.

5. On or about December 21, 2018, at approximately 3:49 p.m., Plaintiff was the owner and operator of a 1999 Toyota Corolla motor vehicle as she was traveling in a southerly direction along Blue Hills Avenue.

6. On said date and at said time and place, Defendant Valadez was the authorized operator of a motor vehicle owned by Defendant Company as he was similarly traveling in a southerly direction along Blue Hills Avenue, when he suddenly and without warning crossed into Plaintiff's lane of travel and consequently struck Plaintiff's motor vehicle, resulting in the injuries, damages and losses to Plaintiff as more particularly set forth hereinafter.

7. Said occurrence was due to the carelessness and negligence of Defendant Valadez in one or more of the following ways, in that he:

    a. Failed to keep a reasonable and proper lookout and pay attention to where he was going;

    b. Failed to sound his horn, or give a timely warning, or any warning whatsoever, of the impending collision;

    c. Failed to keep and operate said vehicle under proper control;

    d. Operated his motor vehicle at a speed greater than that which was reasonable having regard to the width, traffic and use of the highway, intersection of streets and weather conditions, in violation of Connecticut General Statutes § 14-218a;

  e. Operated his motor vehicle at an unreasonable rate of speed for the conditions then and there present on the roadway;

  f. Failed to apply his brakes in time to avoid a collision, although by a proper and reasonable exercise of his faculties, he could have and should have done so;

  g. Failed to stop, swerve, turn or maneuver his vehicle in time to avoid the collision;

  h. Changed lanes of travel when it was not safe or reasonable to do so with regard to other motor vehicles on the roadway;

  i. Violated Connecticut General Statutes §14-232(a)(1) in that he failed to maintain a safe distance while passing another vehicle traveling in the same direction until fully overtaking said vehicle;

  j. Violated Connecticut General Statutes §14-242 in that he failed to give an appropriate signal and moved right and left from a direct course when such movement could not be made with reasonable safety;

  k. Made an improper lane change; and

  l. Violated Connecticut General Statutes § 14-236 in that he failed to drive in the proper lane or changed lanes when such movement could not be made with reasonable safety.

8. As a result in part or in whole of the collision, Plaintiff suffered and continues to suffer from neck pain, back pain, left knee pain, headaches, restlessness, mental anguish,

nervousness, emotional pain and suffering, and severe traumatic shock to her nervous system, and some or all of said injuries are or are likely to be permanent in nature.

    9.    As a further result of the collision, Plaintiff has incurred expenses for medical care and attention, medicine, x-rays, physical therapy, et cetera, and it is reasonably probable that her injuries will require future medical treatment and expenditures, all to her financial detriment.

    10.    As a further result of the collision, Plaintiff's ability to enjoy and participate in life's activities to the fullest has been and will continue to be impaired, all to her great loss and damage.

**SECOND COUNT – Agency (Mercedes Almonte-Nunez vs. United Van Lines, LLC)**

    1-10.    The allegations set forth in paragraphs 1 through 10 of the First Count are hereby incorporated into and made Paragraph 1 through 10 of this, the Second Count, as if more particularly set forth hereinafter.

    11.    At the time of the collision, the motor vehicle being operated by Defendant Valadez was owned by Defendant Company and was being operated with its full knowledge and consent.

    12.    On said date and at said time and place, Defendant Valadez was operating said motor vehicle as an agent, servant and/or employee of Defendant Company within the

meaning of Connecticut General Statutes § 52-183; and/or as a family car within the meaning of Connecticut General Statutes § 52-182; and/or as a permissive user.

13. Defendant Company is liable to Plaintiff for her injuries in accordance with Connecticut General Statutes § 52-182 and/or § 52-183, and/or under Connecticut common law agency theory.

**WHEREFORE,** Plaintiff claims:

1. Monetary damages; and
2. Such other and further relief as the Court may determine as proper.

                                              THE PLAINTIFF,
                                              MERCEDES ALMONTE-NUNEZ

By:   */s/Jade N. Baldwin, Esq., juris # 437120*
         Jade N. Baldwin, Esq.
         The Freeman Law Firm, LLC
         90 Brainard Road, Suite 201
         Hartford, CT 06114
         860-249-4444
         860-206-9445 (fax)
         Firm Juris No.: 433833

| | | |
|---|---|---|
| **RETURN DATE: JUNE 29, 2021** | : | **SUPERIOR COURT** |
| **MERCEDES ALMONTE-NUNEZ** | : | **J.D. OF HARTFORD** |
| **VS.** | : | **AT HARTFORD** |
| **RICARDO VALADEZ AND UNITED VAN LINES, LLC** | : | **MAY 19, 2021** |

## STATEMENT OF AMOUNT IN DEMAND

Money damages are sought in which the amount, legal interest or property in demand is more than FIFTEEN THOUSAND DOLLARS ($15,000.00), exclusive of interest and costs.

                                                THE PLAINTIFF,
                                                MERCEDES ALMONTE-NUNEZ

By:  */s/Jade N. Baldwin, Esq., juris # 437120*
       Jade N. Baldwin, Esq.
       The Freeman Law Firm, LLC
       90 Brainard Road, Suite 201
       Hartford, CT 06114
       860-249-4444
       860-206-9445 (fax)
       Firm Juris No.: 433833